# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC,                 ) | |
|         Plaintiff,          ) | |
| v.                           ) | |
|                          ) | Case No.: 2:13-cv-00836-JES |
| JOHN DOE, subscriber assigned IP address  ) | |
| 50.154.0.25,                   ) | **UNOPPOSED IN PART** |
|                          ) | |
|         Defendant.         ) | |

## DEFENDANT'S MOTION TO QUASH AND FOR PROTECTIVE ORDER, AND INCORPORATED UNOPPOSED MOTION FOR PROTECTIVE ORDER TO PROCEED ANONYMOUSLY

Defendant John Doe, subscriber assigned IP address 50.154.0.25 ("Defendant"),[1] hereby files this Motion to Quash and for Protective Order, and Incorporated Unopposed Motion for Protective Order to Proceed Anonymously, and states as follows:

1.      This is an alleged copyright infringement lawsuit in which the Plaintiff, Malibu Media, LLC, alleges that Defendant John Doe "is a persistent online infringer of Plaintiff's copyrights", and that he copied and distributed Plaintiff's copyrighted works in 156 file sharing transactions. *See* Complaint at ¶¶2 and 25.

2.      The alleged copyrighted works are all pornographic material. The titles of these works are listed in the exhibits to Plaintiff's complaint; they are not otherwise identified in the allegations of Plaintiff's complaint.

---

[1] Defendant has appeared in this matter for the limited purpose of moving to quash the Subpoena served upon Third-Party Comcast Cable Holdings, LLC, and to move in the alternative for a protective order in the event the Court denies the Motion to Quash. Defendant specifically reserves all other rights and arguments.

3.      Plaintiff's complaint is supported only by conclusory allegations that Defendant is the specific individual who engaged in the alleged acts of copyright infringement. *See* Complaint at ¶¶2, 25-28, 33-36.

4.      In fact, Plaintiff has never downloaded, copied or distributed any of Plaintiff's works. *See* Declaration of Shea Hambling, Computer Expert, attached hereto as Exhibit A.

5.      While Defendant is the owner of the IP address identified in the complaint, this does not mean, *ipso facto*, that he is the alleged copyright infringer. Defendant is not, in fact, the alleged copyright infringer. *See* Exhibit A.

6.      Plaintiff obtained an Order from this Court authorizing the issuance of a subpoena to Comcast Cable Holdings, LLC, which seeks, based on Defendant's IP address, to identify Defendant by name, address, phone number and email address. *See* January 9, 2014 Order at D.E. 7.

7.      Plaintiff's counsel issued and served the subpoena, which was forwarded to Defendant by his Internet provider. *See* Subpoena attached hereto as Exhibit B.

8.      While Plaintiff's Motion to Serve Third Party Subpoena Prior to Rule 26(f) Conference argues that "Federal Courts have unanimously approved the procedure of suing John Doe defendants and then using discovery to identify such defendants" (*see* D.E. 3 at 5), the Eleventh Circuit has not so ruled. Plaintiff cites the Eleventh Circuit's opinion in *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992) for this proposition, but *Dean* did not address the use of fictitious names to conduct a fishing expedition to identify potential defendants. *See Malibu Media, LLC v. John Doe subscriber assigned IP address 50.143.69.168*, In The United States District Court for the Southern District of Florida, Case No. 14-20216-CIV-MORENO (S.D. Fla. Feb. 10, 2014)(finding in a nearly identical case, where Malibu Media sued a John Doe

defendant and filed a strikingly similar motion for the issuance of a subpoena to identify the real defendant, that Malibu Media offered no argument for how *Dean* supports the practice of suing a John Doe defendants to obtain the court's subpoena power to then identify the real defendant), attached hereto as Exhibit C.

9.      Rather, the *Dean* court noted in *dicta* that it was not improper for a *pro se* plaintiff to identify members of the county commission that the plaintiff sought to join as defendants using fictitious names. *Dean*, 951 F.2d at 1215. Unlike in *Dean*, where the proposed defendants were specifically identifiable and merely described with fictitious names, here Plaintiff has used a fictitious name to identify only a person it believes to be the owner of an access point to the Internet, without any first hand or other specific knowledge that the fictitiously named Defendant is in fact the alleged copyright infringer Plaintiff seeks to identify.

10.     Generally, it is possible in a copyright infringement case based on allegations of Internet filing sharing that the owner of the IP address employed also is the alleged infringer. However, it is equally possible that the infringer is another person that has access to the same network, whether a member of the same household or employee of the same business, for example. Similarly, to the extent the IP address is available through a wireless router that lacks a security key, the universe of persons that may have used the IP address and may be the alleged infringer is exponentially large.  Here, Plaintiff's conclusory allegations do not establish that Defendant is the alleged infringer and they do not – standing alone or in conjunction with the complaint's exhibits – establish good cause to use this Court's subpoena power to conduct a fishing expedition to identify the alleged copyright infringer.

11.     Because this Circuit has not specifically authorized the use of suing John Doe defendants for the purpose of conducting discovery to identify actual defendants, and since

Plaintiff's complaint's conclusory allegations otherwise fail to establish good cause to issue a subpoena in advance of a Rule 26(f) conference, this Court should quash the subpoena.

12.     In the alternative, this Court, pursuant to Rule 26(c)(1)(A)-(C), Fed.R.Civ.P., should for the same reasons forbid the discovery sought by Plaintiff or enter a protective order governing and limiting its use.

13.     Virtually all individuals would find the public association with pornographic material to be highly embarrassing and an invasion of privacy. Defendant will not belabor this obvious point. Here, however, the severe public embarrassment and humiliation that unquestionably follows from public association with pornographic material is greatly magnified as Defendant is not the alleged copyright infringer. Moreover, Defendant's status as the owner of the IP address through which such alleged infringement may have occurred does not render him liable for such conduct.

14.     For these reasons, the Court should exercise its discretion under Rule 26(c)(1)(B) to enter an Order requiring Plaintiff and its counsel to (a) maintain Defendant's personal identifying information as strictly confidential, (b) not disseminate such information to any third-person or entity, (c) restrict the use of Defendant's information to only this proceeding, and (d) file under seal any documents or other materials that contain Defendant's identifying or other personal information. Defendant recognizes that this Court's January 9, 2014 Order already provides that "[a]ny information disclosed to Plaintiff in response to a subpoena may be used by Plaintiff solely for the purposes of protecting and enforcing Plaintiff's rights as set forth in its Complaint." However, because Plaintiff lacks any first-hand evidence that Defendant is the alleged copyright infringer at issue, and because Defendant has made a prima facie showing that

he is not the alleged infringer, Defendant respectfully requests that the Court afford Defendant these additional safeguards to protect his privacy and reputation.

15.     In addition, and in the alternative, this Court should enter a protective order that allows Defendant to proceed anonymously in this litigation, and precludes Plaintiff from identifying Defendant by name until such time as this Court has considered exculpatory evidence proffered by Defendant. *E.g., MALIBU MEDIA, LLC, v. JOHN DOE* subscriber assigned IP address 68.56.252.128, 2013 U.S. Dist. LEXIS 53792 (M.D. Fla. 2013)(ordering that Malibu Media may not identify the John Doe IP address owner by name while the Court considers exculpatory evidence provided by the John Doe); *MALIBU MEDIA, LLC, v. JOHN DOEs 5,21-28*, 2013 U.S. Dist. LEXIS 6532 (M.D. Fla. 2013)(granting motion for protective order, allowing John Doe to proceed anonymously "until plaintiff establishes that he was the person who downloaded the material.").

16.     Plaintiff's counsel has represented that Plaintiff does not contest the relief sought herein to the extent Defendant seeks a protective order that allows Defendant to proceed anonymously.

17.     **CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 3.01(g) AND RULE 26(c)(1), FED.R.CIV.P.** On February 24, 2014, prior to filing the instant Motion, the undersigned contacted and conferred with Plaintiff's counsel via telephone and email. As noted above, Plaintiff's counsel has represented that Plaintiff does not contest the relief sought herein to the extent Defendant seeks a protective order that allows Defendant to proceed anonymously. Plaintiff's counsel has indicated that Plaintiff opposes Defendant's Motion to Quash.

18.     Moreover, on February 24, 2014, Plaintiff's counsel provided the undersigned with a proposed Stipulated Protective Order.  The undersigned will work with Plaintiff's counsel in good faith to reach agreement on the terms of such proposed order, which may serve to resolve, and at least narrow, the issues raised herein.

19.     Because Third-Party deponent Comcast issued a deadline of February 24, 2014 by which it would release Defendant's personal information if Defendant did not move the Court for appropriate relief, Defendant was constrained to file the instant Motion and preserve his arguments prior to completing his efforts to resolve and/or narrow the issues with Plaintiff through the joint submission to the Court of a proposed Stipulated Protective Order. Defendant through its counsel will continue his efforts to do so, and will consent to any reasonable requests for extensions of time for Plaintiff to respond to the instant motion so that the parties may work together to resolve these issues.

DATED: February 24, 2014              RESPECTFULLY SUBMITTED:

By:  /s/ Marc A. Wites
**MARC A. WITES**
**mwites@wklawyers.com**
WITES & KAPETAN, P.A.
4400 North Federal Highway
Lighthouse Point, FL 33064
Telephone: (954) 570-8989
Facsimile: (954) 354-0205
*Attorneys for Defendant John Doe*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 24, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified below in the Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   /s/ Marc A. Wites
      **Marc A. Wites**

## SERVICE LIST

M. Keith Lipscomb (429554)
klipscomb@lebfirm.com
LIPSCOMB EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile: (786) 431-2229
*Attorneys for Plaintiff*