# EXHIBIT B

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the Middle District of Florida
Fort Myers Division

| Malibu Media, LLC. | Civil Action No: 2:13-cv-00836-JES-UAM |
|---|---|
| *Plaintiff* v. John Doe subscribed to IP address 50.154.0.215. *Defendant.* | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Comcast Cable Holdings, LLC
c/o CT Corporation
1200 South Pine Island Road
Plantation, FL 33324
Telephone: 954-473-5503

[X] *Production*: YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Please produce documents identifying the name, address, and telephone number of the defendant John Doe listed in the below chart:

| IP Address | Date/Time UTC |
|---|---|
| 50.154.0.215 | 11/06/2013 01:20:53 |

| Place: Lipscomb, Eisenberg & Baker, PL<br>2 South Biscayne Boulevard<br>Ste. 3800<br>Miami, FL 33131 | Date and Time:<br>February 28, 2014 @ 9:30 a.m. |
|---|---|

[ ] *Inspection of Premises*: YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 1/10/2014

CLERK OF COURT

_____    OR    _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing Plaintiff, who issues or requests this subpoena, are:
M. Keith Lipscomb, Esq., Lipscomb, Eisenberg & Baker, PL, 2 South Biscayne Boulevard, Ste 3800, Miami, FL. 33131, Telephone: (786) 431-2228, Email: klipscomb@lebfirm.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**
(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**
(1) *Producing Documents or Electronically Stored Information.*
These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) *Claiming Privilege or Protection.*

   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial preparation material must: **(i)** expressly make the claim; and **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trialpreparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

  **(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MALIBU MEDIA, LLC.,

    Plaintiff,

v.   Case No: 2:13-cv-836-FtM-29UAM

JOHN DOE,

    Defendant.

## ORDER

This cause is before the Court on Malibu Media, LLC.'s Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (Doc. 3) filed on December 9, 2013. The Plaintiff is the registered owner of copyrights at issue in Exhibit B to the Complaint (Doc. 1). The Plaintiff filed this action for copyright infringement. The Plaintiff is suing the Defendant for using the internet and the "BitTorrent protocol" to commit copyright infringement. The Plaintiff does not know the identity of the Defendant, but can identify him by his Internet Protocol ("IP") address which was assigned to the Defendant by their Internet Service Providers ("ISP"). The Plaintiff is requesting leave to serve limited discovery on the non-party ISP solely to determine the true identity of the Doe Defendant. The Plaintiff anticipates serving a subpoena on the ISP requesting the identifying information for the Defendant.

Pursuant to Local Rule 3.05(c)(2)(B), normally discovery is not permitted prior to the case management meeting. M.D. Fla. L.R. 3.05(c)(2)(B). Further, FED. R. CIV. P. 26(d) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."

In the instant case, a Rule 26 conference cannot take place until the identity of the Defendant is known and the Defendant has been served. The Plaintiff has shown that it has attempted to identify the Defendant and is not able to identify him based upon the information known to it. The Plaintiff has shown good cause to conduct limited discovery prior to a Rule 26 conference. The Court will allow the Plaintiff to conduct limited discovery by serving a subpoena on the ISP to determine the name, address, telephone number, and e-mail address of the Defendant to whom the ISP assigned an IP address as set forth in Exhibit A to the Complaint (Doc. 1) or any other service provider that is later identified in response to this initial subpoena.

**IT IS HEREBY ORDERED:**

1) Motion for Leave to Serve a Third Party Subpoena Prior to Rule 26(f) Conference (Doc. 3) is **GRANTED**.

2) The Plaintiff is permitted limited discovery to serve a subpoena to determine the name, address, telephone number, and e-mail address of the Defendant to whom the ISP assigned an IP address as set forth in Exhibit A of the Complaint (Doc. 1) or any other service provider that is later identified in response to these initial subpoena.

3) The Plaintiff shall attach a copy of this Order with the subpoena, and if the ISP qualifies as a "cable operator" as defined in 47 U.S.C. §522(5), then this Order shall be considered an appropriate court order under 47 U.S.C. §551.

4) Any ISP that receives a subpoena pursuant to this Order shall not assess any charge to the Plaintiff in advance of providing the information requested in the subpoena, however, an ISP may elect to charge a reasonable amount for the costs of production.

5) Any ISP that receives a subpoena shall preserve all subpoenaed information pending the ISP delivering such information to Plaintiff or the final resolution of a motion to quash the subpoena.

6) Any information disclosed to Plaintiff in response to a subpoena may be used by Plaintiff solely for the purposes of protecting and enforcing Plaintiff's rights as set forth in its Complaint.

7) The applicable ISP shall withhold the identifying information of any Defendant who has filed a motion to quash the subpoena until the motion is resolved and the Court enters an order authorizing the disclosure.

**DONE** and **ORDERED** in Fort Myers, Florida on January 9, 2014.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties