UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MALIBU MEDIA, LLC,

    Plaintiff,

v.                                          Case No:   2:13-cv-836-FtM-29CM

JOHN DOE,

    Defendant.

## ORDER

Before the Court are Defendant's Motion to Quash and for Protective Order to Proceed Anonymously (Doc. 11), filed on February 24, 2014; Defendant's Unopposed Motion for Entry of Stipulated Protective Order (Doc. 12), filed on February 25, 2014; and Plaintiff's Memorandum in Opposition to Defendant's Motion to Quash and for Protective Order, and Incorporated Unopposed Motion for Protective Order to Proceed Anonymously (Doc. 13), filed on March 10, 2014.  The motions have now been fully briefed and are ripe for review.

I.    BACKGROUND

This is a copyright infringement action in which Plaintiff Malibu Media, LLC ("Malibu") alleges the John Doe Defendant is liable for direct infringement of Plaintiff's copyrighted works.  Doc. 1.  Specifically, Plaintiff contends that Defendant violated Plaintiff's exclusive rights to reproduce, redistribute, perform and display materials for which Plaintiff owns exclusive copyrights.  Id. at 5-6.


After filing the Complaint, Plaintiff moved for leave to serve a Rule 45 subpoena on the third party internet service provider ("ISP") (Doc. 3), seeking the true name, address, telephone number, and e-mail address of the person to whom the ISP assigned the address allegedly responsible for the infringement. Doc. 3-6 at 1. On January 9, 2014, the Court granted Plaintiff's motion and allowed Rule 45 subpoenas to be served on the ISP. Doc. 7.

II. DISCUSSION

    *a. Motion to Quash*

Defendant moves to quash the subpoena on grounds that Plaintiff's allegations do not establish good cause for issuance of the third party subpoena in this case. Doc. 11 at 3. Defendant also denies liability and maintains that Plaintiff should not be permitted to "use this Court's subpoena power to conduct a fishing expedition to identify the alleged copyright infringer." *Id.* Defendant's denial of liability, however, is not a sufficient basis for quashing the subpoena, which would prevent Plaintiff from obtaining the alleged infringer's identifying information. *See Malibu Media, LLC v. John Does 1-13*, No. 2:12-cv-00177-FtM-29SPC, Doc. 23 (M.D. Fla. June 6, 2012) (citing *Voltage Pictures, LLC v. Does 1-5,000*, 818 F.Supp.2d 28, 35 (D.D.C. 2011)).

Generally, the Court must find good cause to permit service of third party subpoenas seeking to obtain information that will identify a then-unknown defendant. *See, e.g.*, *Malibu Media, LLC v. Doe*, No. 13-21579-CIV, 2013 WL 2950593, *1 (S.D. Fla. June 14, 2013) (finding that "Plaintiff has established that

good cause exists for it to serve a third-party subpoena on Comcast Cable, the ISP identified in the complaint, because a Rule 45 subpoena to John Doe's ISP is the only way in which Plaintiff can identify John Doe and thus move forward with the case"). Once a subpoena has been issued, a party may move, pursuant to Rule 45, Federal Rules of Civil Procedure, to quash the subpoena and may move for a protective order pursuant to Rule 26. Particularly relevant to this case, Rule 45 provides that a court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv).

Courts in internet infringement cases "routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where a plaintiff makes: (1) a prima facie showing of infringement, (2) there is no other way to identify the Doe Defendant, and (3) there is a risk an ISP will destroy its logs prior to the conference." *UMG Recording, Inc. v. Doe*, No. C 08-1193 SBA, 2008 WL 4104241, *4 (N.D. Cal. Sept. 3, 2008). Thus, "[b]y requiring plaintiffs to make out a prima facie case of infringement, the standard requires plaintiffs to adduce evidence showing that their complaint and subpoena are more than a mere fishing expedition." *London-Sire Records, Inc. v. Doe 1*, 542 F.Supp.2d 153, 175 (D. Mass. 2008).

In a similar case brought by Malibu, this Court found that the *UMG Recording* factors were satisfied because Malibu asserted that it held the copyrights and produced evidence the copyrights were being infringed; demonstrated that it lacked

any other means to obtain the subpoenaed information; stated that it was possible certain information needed to correlate the subscriber information to a particular address would only be retained by the ISP for a limited time; sufficiently described the John Does by listing their ISP addresses during the relevant time periods; and established that Plaintiff's interest in protecting its copyrights outweighed the defendants' expectation of privacy in their subscriber information.  *See Malibu Media, LLC v. John Does 1-13*, No. 2:12-cv-00177-FtM-29SPC, 2012 WL 3062138, *4 (M.D. Fla. June 6, 2012) (applying the above factors and recommending the motion to quash be denied), *remanded on other grounds by* 2012 WL 3095067 (M.D. Fla. July 26, 2012).

Similarly, Plaintiff's Complaint (Doc. 1) asserts that Plaintiff is the registered owner of the copyrights-in-suit, and by its Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (Doc. 3) and accompanying memorandum of law, Plaintiff has established that no other means exist to obtain the information; that the ISP maintains its subscriber identification logs for only short periods of time; that the information is necessary to prosecute its claim for copyright infringement; and that its interest in obtaining the identifying information outweighs Defendant's interests in remaining anonymous.  Rule 26(d) provides that courts may authorize discovery in advance of a Rule 26(f) conference for the convenience of witnesses or the parties, and in the interests of justice, and in this case the Court found the requisite good cause to permit Plaintiff to serve the third party subpoena. Doc. 7 at 2; Fed. R. Civ. P. 26(d).

### b. *Unopposed Motion for Protective Order*

As alternative relief, Defendant asks the Court to enter a protective order governing the use of the information sought by the subpoena, or that will allow him to proceed anonymously. Doc. 11 at 4, 8. The Court notes that Plaintiff does not object to the entry of a protective order in this case (Doc. 13 at 8), and Defendant submitted a Stipulated Protective Order (Doc. 12-1), executed by counsel for both parties.[1]

The Court has "broad discretion in setting limits on discovery, and Rule 26(c) provides a mechanism by which parties can seek an order to protect privileged or confidential information." *Shire Development LLC v. Mylan Pharm. Inc.*, No. 8:12-cv-1190-T-30AEP, 2013 WL 6858319, * 3 (M.D.Fla. Dec. 30.2013) (citing *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985)). Generally, when determining whether there is good cause to enter a protective order, the Court

---

[1] Although Defendant sought entry of a protective order as part of his Motion to Quash and for Protective Order to Proceed Anonymously (Doc. 11), Defendant also separately filed an Unopposed Motion for Entry of Stipulated Protective Order (Doc. 12).

Pursuant to Middle District of Florida Local Rule 3.01(a), motions or other applications for Court orders must include a memorandum of legal authority in support of the request. The Court notes that Defendant's Unopposed Motion for Entry of Stipulated Protective Order (Doc. 12) does not contain such a memorandum.

However, Defendant did include statements of legal authority in Document number 11 in support of the Court's entry of a protective order that would allow Defendant to proceed anonymously. Doc. 11 at 5. It appears that Document number 12 is merely the unopposed portions of Document number 11, refiled separately from those portions which were not unopposed for clarification or ease of review by the Court. Thus, and particularly in light of the fact that the requested relief is unopposed, the Court is satisfied that the document was filed in compliance with Local Rule 3.01(a).

"balance[s] the requesting party's interest in obtaining the information or material sought and the other party's interest in keeping the information confidential." *Id.*

Stipulated protective orders, however, have become "commonplace in the federal courts." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1307 (11th Cir. 2001). Entering a stipulated protective order "replaces the need to litigate the claim to protection document by document, and postpones the necessary showing of 'good cause' required for entry of a protective order until the confidential designation is challenged." *Id.* "Parties have the freedom and flexibility to agree on the terms of stipulated protective orders designed to protect 'confidential' and 'highly confidential' material." *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2013 WL 4773433, *6 (S.D.Fla. Sept. 4, 2013). Thus, "[u]nless the agreement contains provisions that are illegal, unlawful, against public policy, contrary to applicable rules, confusing or otherwise problematic, courts typically enter the proposed stipulated protective orders jointly submitted by the parties." *Id.*

The Court has reviewed the Stipulated Protective Order (Doc. 12-1) and determined that the Motion for its entry is due to be granted in part. Paragraph 22 of the Stipulated Protective Order provides "[t]his Order shall survive the final determination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed." Doc. 12-1 at 8 ¶ 22. The Court finds the provision requiring retention of jurisdiction beyond the final termination of this action to be problematic. The

Motion will therefore be granted to the extent that the Court will enter the parties' Stipulated Protective Order, but the Court does not intend to retain jurisdiction over disclosure disputes after the final determination of this action, and will strike that provision. The Stipulated Protective Order will be entered without the jurisdictional provision under separate cover.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant's Motion to Quash and for Protective Order, and Incorporated Unopposed Motion to Proceed Anonymously (Doc. 11) is **DENIED IN PART** and **MOOT IN PART**. To the extent the Motion seeks to quash the Rule 45 third party subpoena, the Motion is denied. In all other respects, the Motion is moot in light of the Court's grant of the unopposed motion filed separately at Doc. 12.

2. Defendant's Unopposed Motion for Entry of Stipulated Protective Order (Doc. 12) is **GRANTED IN PART AND DENIED IN PART** as set forth above.

3. The revised Stipulated Protective Order will be entered under separate cover.

**DONE** and **ORDERED** in Fort Myers, Florida on this 31st day of March, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:

Counsel of record